STATE OF CONNECTICUT *v.* RONALD ROJAS
(AC 31260)

Harper, Beach and Borden, Js.

Argued October 27, 2010—officially released February 1, 2011

*Frank P. Cannatelli,* for the appellant (defendant).

*John A. East III,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Brian J. Leslie,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ronald Rojas, appeals from the judgment of conviction, rendered following a jury trial, of criminal violation of a protective order in

violation of General Statutes § 53a-223 (a).[1] The defendant claims that the evidence did not support the jury's verdict. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury reasonably could have found that the defendant and Alima Bryant had been in a romantic relationship for several years prior to June, 2007. During their relationship, the defendant and Bryant resided together in East Haven and had a son. After the relationship ended, Bryant resided in Guilford with their son. Bryant began a romantic relationship with Wuilmor Rios, who had been a close friend of the defendant. On July 9, 2007, Bryant obtained a protective order that prohibited the defendant from, inter alia, restraining, threatening, harassing, attacking or assaulting her.[2]

At approximately 10:55 p.m. on July 31, 2007, Bryant was operating an automobile[3] and was leaving the driveway of her Guilford residence. Rios was in the passenger seat and Bryant's three year old son was in a child safety seat in the back of the automobile. Bryant

---

[1] For the defendant's conviction of criminal violation of a protective order, the court imposed a total effective sentence of three years imprisonment, execution suspended after one year, followed by an eighteen month term of probation with special conditions. The defendant also was charged with, but found not guilty of, the crimes of attempt to commit assault in the first degree, assault in the second degree, risk of injury to a child, conspiracy to commit assault in the second degree and stalking in the second degree. These offenses, of which the defendant was found not guilty, allegedly occurred during the incident that underlies the offense for which the defendant stands convicted.

[2] The protective order, submitted as an exhibit, provided in relevant part that the defendant "shall refrain from threatening, harassing, stalking, assaulting, molesting, sexually assaulting or attacking [Bryant]." The order also prohibited the defendant from entering Bryant's residence or restraining Bryant.

[3] The evidence supported a finding that the automobile was owned by the defendant's brother but that Bryant was using the automobile with his permission. For convenience in discussing the relevant facts, we refer to the automobile as Bryant's automobile.

observed the defendant's automobile drive by her residence. Shortly thereafter, Bryant observed the defendant's automobile approach the rear of her automobile. The defendant's automobile then struck the rear of her automobile and proceeded to push her automobile down the street, causing her to lose control of it briefly. She attempted to stop it, to no avail, and, fearing for her son's safety, screamed for the driver to stop.

Although Bryant did not observe the driver of the defendant's automobile, after it stopped pushing her automobile, she observed the defendant and his brother approach her automobile. One of the men opened the passenger door of her automobile, and a violent physical attack upon Rios ensued. The defendant and his brother struck Rios repeatedly while he was in the passenger seat of Bryant's automobile. Bryant attempted to stop the assault but was not successful. Rios exited Bryant's automobile but shortly thereafter was restrained by the defendant's brother. The defendant quickly entered his automobile, positioned it in front of Bryant's automobile and exited the automobile carrying a glass bottle.

Bryant attempted to restrain the defendant, but he approached his brother and Rios with the bottle. One of the men struck Rios in the head with the bottle, causing it to shatter. The strike caused a head injury that entailed a significant loss of blood. After the defendant and his brother delivered additional blows to Rios, striking him with their fists and kicking him, the defendant instructed his brother that it was time to go. The defendant got into the driver's seat of his automobile, and his brother got into the passenger seat of the automobile. The defendant drove from the scene to his residence in East Haven. In a frantic emotional state, Bryant called 911 to report the incident.

The defendant challenges the sufficiency of the evidence to support his conviction. He does not dispute that, prior to the incident, a protective order had been

issued against him that would have precluded the type of conduct at issue. Instead, he argues that there was no evidence upon which the jury reasonably could have found that (1) he was present at the scene of the crime and (2) he had violated the protective order. The state bore the burden of proving beyond a reasonable doubt that a protective order had been issued against the defendant and that he violated the order by "intend[ing] to perform the activities that constituted the violation of the protective order." (Internal quotation marks omitted.) *State* v. *Osimanti*, 299 Conn. 1, 16 n.15, 6 A.3d 790 (2010).

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Hedge*, 297 Conn. 621, 656–57, 1 A.3d 1051 (2010).

We readily reject the defendant's claim. Along with presenting other evidence that supported the verdict, the state presented testimony from Bryant, who identified the defendant in court and described his activities at the crime scene. She stated that there was no doubt in her mind regarding her identification of the defendant and the relevant facts. The jury reasonably could have found that Bryant's identification of the defendant was reliable; there was evidence that she was intimately familiar with him prior to the crime and had an ample opportunity to observe him at the crime scene. See, e.g., *State* v. *Smith*, 110 Conn. App. 70, 77, 954 A.2d 202 (eyewitness identification of defendant may be reliable even if witness observed defendant for only seconds), cert. denied, 289 Conn. 954, 961 A.2d 422 (2008). Furthermore, Bryant unambiguously described the defendant's activities at the crime scene as well as his flight

from the scene. Such testimony amply supported a reasonable inference that the defendant intended to engage in the conduct that occurred at the scene, which clearly violated the protective order.

In his brief, the defendant attempts to discredit Bryant's credibility. Such an attempt is inconsequential to our analysis. See, e.g., *State* v. *Moody*, 121 Conn. App. 207, 217, 994 A.2d 702 (challenge to credibility of state's witnesses unrelated to sufficiency of evidence), cert. denied, 297 Conn. 920, 996 A.2d 1193 (2010). Also, the defendant raises arguments that call upon this court to give weight to evidence favorable to his version of the events of July 31, 2007, and to draw inferences from the evidence that are favorable to him. These arguments are unavailing, for "[o]n appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilt." *State* v. *Sivri*, 231 Conn. 115, 134, 646 A.2d 169 (1994).

Furthermore, we are not persuaded by the defendant's argument that the jury's verdict of not guilty with regard to several crimes of which he stood charged casts doubt upon the sufficiency of the evidence.[4] First, the defendant has not demonstrated that the verdict returned by the jury in this case is in any way inconsistent. Second, even if the defendant was able to demonstrate that an inconsistency existed, our case law is clear that such an inconsistency, whether deemed factual, logical or legal in nature, is permissible and that claims related to such an inconsistency are not reviewable on appeal. See *State* v. *Alberto M.*, 120 Conn. App. 104, 113, 991 A.2d 578 (2010).

The judgment is affirmed.

---

[4] See footnote 1 of this opinion.